IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREGORY VALENTINE | ) | |
| | ) | |
| v. | ) | NO. 3:11-0048 |
| | ) | |
| RACHEL SEARCY, et al. | ) | |

TO:  Honorable Kevin H. Sharp, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 19, 2011 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion to dismiss (Docket Entry No. 49), to which the Plaintiff has filed a response in opposition. See Docket Entry No. 58.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

The Plaintiff is an inmate at the Sumner County Jail ("Jail"). He filed this action pro se and in forma pauperis on January 11, 2011, seeking relief under 42 U.S.C. § 1983 based on allegations

---

[1] Although the Plaintiff's filing is styled as a "Motion to Review," it is clearly intended to be a response to the Defendants' motion to dismiss.

that his constitutional rights have been violated at the Jail. Named as defendants are six persons who work at the Jail: Rachel Searcy, Doug Canter, Sonya Troutt, Keith Bean, Leslie Bean, and Sonny Weatherford. See Complaint (Docket Entry No. 1). The Defendants filed an answer, see Docket Entry No. 40, and a scheduling order (Docket Entry No. 42) was entered on April 11, 2011, setting out deadlines for pretrial proceedings in the action, including a deadline of July 15, 2011, for the completion of discovery.

On August 3, 2011, the Defendants filed the pending motion (Docket Entry No. 49) to dismiss the action under Rule 37(d) of the Federal Rules of Civil Procedure. The Defendants contend that the Plaintiff failed to respond to their written discovery requests which were served upon the Plaintiff on April 5, 2011.

By Order entered August 15, 2011 (Docket Entry No. 51), the Court gave the Plaintiff a deadline of September 9, 2011, to respond to the motion to dismiss and he was instructed to attach a copy of his discovery responses, if he served his responses prior to September 9, 2011, to his response to the Defendants' motion to dismiss. The Court also specifically advised the Plaintiff that the letter (Docket Entry No. 48) he had provided to the Defendants in response to the discovery requests stating that "[a]ll the documents or any information you're requesting are in my files with the federal courts," was not a sufficient response to the Defendants' written discovery requests. The Court further provided the Plaintiff with specific directives regarding his obligations to respond to the discovery requests by informing him that:

> Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, the plaintiff is required to serve responses on the defendants within 30 days of service of the written discovery. The fact that the plaintiff indicates that he has already filed all documents in this case certainly does not relieve him from responding to the defendants' interrogatories. Inasmuch as Rule 34 requires a party responding to requests for production to produce the requested documents or make such documents available

2

> for inspection and copying, [footnote omitted] the plaintiff may respond to the defendants' requests for production by identifying the responsive documents and indicating that they have been filed in this case with reference to the specific docket entry number of such filing. The plaintiff is required to respond to each specific request for production and each specific interrogatory.

See Docket Entry No. 51, at 1-2.[2]

On September 23, 2011, the Court entered an Order (Docket Entry No. 55) noting that the Plaintiff had not responded to motion to dismiss by the September 9, 2011, deadline. The Court took the Defendants' pending motion under advisement and gave the Plaintiff a deadline of October 14, 2011, to serve upon the Defendants his responses to their outstanding written discovery requests. The Plaintiff was specifically warned that his failure to comply could result in the imposition of sanctions against him, including a recommendation that this action be dismissed. The Court also instructed the Defendants to file, by October 21, 2011, a notice of whether or not the Plaintiff had served responses upon them.

On October 5, 2011, the plaintiff filed a "Motion to Review" in which he responded to the Defendants' pending motion to dismiss by asserting that he had to send his "legal mail, materials, etc" outside the Jail to safeguard them and that inmates are not allowed to make copies of legal materials so he is unable to provide copies to the defendants. See Docket Entry No. 58. He also attached to his filing three letters regarding his property and a complaint apparently filed with the Tennessee Board of Professional Responsibility. See Docket Entry No. 58-1.

---

[2] The Court also directed the Clerk to send to the Plaintiff a copy of the docket sheet so that he could refer to items in the record when responding to the Defendants' requests for production of documents.

On October 18, 2011, the Defendants filed with the Court a Notice stating that, as of October 28, 2011, the Plaintiff had not served upon them answers to their written discovery requests. See Docket Entry No. 59.

## II. CONCLUSIONS

Rule 37(b) of the Federal Rule of Civil Procedure provides that the Court may make such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2), including, but not limited to:

> . . .
>
> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(c). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).

It is also well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The Plaintiff's conduct in this case warrants dismissal of the action under Rules 37(b) and 41(b). Despite being given specific directives by the Court regarding his obligations with respect

to the Defendants' discovery requests and despite an explicit Order from the Court compelling him to provide responses to the Defendants' discovery requests by a date certain, the Plaintiff has not responded to written discovery requests which were served upon him nearly seven months ago. The Plaintiff has not provided any legitimate excuse for his failure to respond to the discovery requests. Even if the Plaintiff does not have any responsive documents in his possession, custody, or control because he has filed them with the court in this action or has provided them to his former attorney who has not returned them to him, he is still obligated to identify the documents, as the Court specifically explained in the August 15, 2011, Order. As the court also explained in that Order, the Plaintiff is obligated to respond to the Defendants' interrogatories and has failed to do so without any explanation. Furthermore, the Plaintiff has ignored the Orders of the Court despite being warned of the consequences of failing to comply. Because of the Plaintiff's dilatory conduct, this case has not progressed and the Defendants have been prejudiced by being unable to resolve the claims brought against them and by being required to expend funds because of the need to repeatedly address discovery issues caused by the Plaintiff.

Although the Court recognizes the Plaintiff's status as a pro se litigant, proceeding pro se does not relieve a litigant from the basic obligations required of all parties. The action should be dismissed with prejudice due to the Plaintiff's willfulness and fault in failing to engage in discovery and in disregarding the Court's Orders. The Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion and appears to believe that he is free to litigate upon his own terms. The Plaintiff has not heeded the warnings of the Court concerning the consequences of his failure to comply with the directives of the Court. Dismissal of the action with prejudice is appropriate in light of the Plaintiff's actions, the hardship it would cause the Defendants to face the prospect of

5

Case 3:11-cv-00048   Document 60   Filed 11/14/11   Page 5 of 6 PageID #: 241

defending a future action based on allegations which they have attempted to defend against in this action, the impasse in discovery caused by the Plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and the Defendants caused by the Plaintiff's conduct.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Defendants' motion (Docket Entry No. 49) to dismiss be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    JULIET GRIFFIN
    United States Magistrate Judge

6