UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY VALENTINE, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 3:11-0048 |
| | )   Judge Sharp |
| RACHEL SEARCY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Magistrate Judge Griffin has entered a Report and Recommendation (Docket No. 60) in which she recommends that this case be dismissed for Plaintiff's failure to participate in discovery, and his failure to heed this Court's warnings and comply with its Orders. The R & R was issued in response to the Motion to Dismiss (Docket No. 49) which was filed by Defendants on August 3, 2011, after Plaintiff had failed to respond to discovery that had been served on him on April 5, 2011 and the July 15, 2011 deadline for completion of discovery had passed.

In recommending dismissal, Magistrate Judge Griffin recounted the chronology of events following the filing of Defendants' Motion to Dismiss. This chronology included an Order entered August 15, 2011 (Docket No. 51) that (1) gave Plaintiff a deadline of September 9, 2011, to respond to the Motion to Dismiss; (2) instructed him to attach a copy of his discovery responses; (3) specifically advised Plaintiff that a letter (Docket No. 48) he sent to Defendants in response to the discovery requests stating that "[a]ll the documents or any information you're requesting are in my files with the federal courts," was not a sufficient response; and (4) provided Plaintiff with specific directives regarding his obligations to respond to the discovery requests. The chronology also included a September 23, 2011, Order (Docket Entry No. 55) that (1) noted Plaintiff had not

1

responded to motion to dismiss by the September 9, 2011, deadline; (2) took Defendants' pending motion under advisement; (3) gave Plaintiff until October 14, 2011, to serve upon the Defendants his responses to their outstanding written discovery requests; (4) warned Plaintiff that his failure to comply with the Order could result in the imposition of sanctions against him, including a recommendation that this action be dismissed; and (5) instructed Defendants to file a Notice by October 21, 2011, indicating whether Plaintiff had responded to discovery. Defendants complied with the Order by filing a Notice (Docket No. 59) stating Plaintiff had not, in fact, served discovery responses. The R & R recommending dismissal followed.

Plaintiff has filed Objections to the R & R, requesting "that there be consideration under the exceptional circumstances that the plaintiff is legally handicap behind absence of counsel," and claiming that he "attempted to provide an educated response" to Defendants' discovery requests. (Docket No. 63 at 1-2). However, "'it is incumbent on litigants, even those proceeding pro se, to follow the ... rules of procedure,'" Fields v. County of Lapeera, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000) (ellipses in original, citation omitted), and most certainly orders of the Court. See, Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996) (stressing that "being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders," or to "choose which of the court's rules and orders it will follow, and which it will wilfully disregard").

Here, Magistrate Judge Griffin explicitly informed Plaintiff of the requirements of Rules 33 and 34 of the Federal Rules of Civil Procedure, pointed out that merely claiming answers could be found in the Court's files was insufficient, instructed Plaintiff on how to comply with those rules, ordered him to comply with those rules, and gave him plenty of time within which to do so. Plaintiff chose to ignore those orders and instructions at his own peril.

Plaintiff next acknowledges that he received Magistrate Judge Griffin's Orders, and claims that he "attempted to timely comply but unfortunately [sic] Plaintiffs' relative and kids parents [sic] suffered and sustained injuries and damages through property pain/suffering that caused a disturbance in the controlling and mishandling of Plaintiff's documents/original response to defendants['] discovery." (Docket No. 63 at 2). Plaintiff does not identify the time frame of this alleged misfortune, and wholly fails to show why the "disturbance and mishandling" precluded him from responding to Defendants' discovery requests in the (now) ten month period since they were served.

Plaintiff also contends that his "ingoing and outgoing legal mail" has been "tampered with by the defendants, that are clicked up, racist, prejudice[d] married and blood related" and who "commit[] criminal tort acts." (Id. at 3). If these contentions are to be believed, Defendants must focus exclusively on Plaintiff's discovery responses because Plaintiff has been able to make at least nine filings in this case (several with attachments), and has admitted to receiving this Court's Orders, including Magistrate Judge Griffin's explicit Orders that Plaintiff provide discovery.

Plaintiff has not provided plausible and legitimate reasons for his failure to respond to Defendants' discovery requests and therefore the Court will overrule his Objections and dismiss this case with prejudice. In doing so, the Court recognizes that dismissal is a harsh sanction but, as Magistrate Judge Griffin aptly observed:

> The Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion and appears to believe that he is free to litigate upon his own terms. The Plaintiff has not heeded the warnings of the Court concerning the consequences of his failure to comply with the directives of the Court. Dismissal of the action with prejudice is appropriate in light of the Plaintiff's actions, the hardship it would cause the Defendants to face the prospect of defending a future action based on allegations which they have attempted to defend against in this action, the impasse in discovery caused by the Plaintiff's refusal to participate in discovery, and the needless

expenditure of resources by both the Court and the Defendants caused by the Plaintiff's conduct.

(Docket No. 60 at 3-4).

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 60) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Objections (Docket No. 63) to the R & R are hereby OVERRULED;

(3) Defendants' Motion to Dismiss (Docket No. 49) is hereby GRANTED; and

(4) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE